IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:07CV509 LG |
| | § | 1:04CR72 LG-JMR (3) |
| MICHAEL ANTHONY LOVE | § | |

## MEMORANDUM OPINION AND ORDER DENYING MICHAEL ANTHONY LOVE'S MOTION TO VACATE UNDER 28 U.S.C. § 2255

BEFORE THE COURT is the Motion of the Defendant, Michael Anthony Love, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Defendant seeks to set aside his Judgment of Conviction and subsequent sentence for violation of 21 U.S.C. § 846. After consideration of Defendant's Motion, the Government's response, the pleadings and record on file, and the relevant legal authority, the Court finds that the Motion should be denied.

FACTS AND PROCEDURAL HISTORY

On February 18, 2005, Love entered a negotiated plea of guilty to violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine base. Love was sentenced on May 27, 2005 to 262 months imprisonment, a five-year term of supervised release, and a mandatory assessment in the amount of $100.00. The judgment of conviction was entered on May 27, 2005. The Defendant did not appeal his guilty plea or sentence. However, after judgment was entered, the Court granted the government's motion to reduce Love's sentence pursuant to FED. R. CRIM. P. 35, reducing the term of imprisonment to 188 months. Ct. R. 89. Further, Love has recently been notified by the Federal Public Defender that his file will be reviewed to determine whether or not he may qualify for the two point reduction by virtue of 18 U.S.C. §

3582. Ct. R. 99. That determination is still pending.

Love filed this Motion on March 29, 2007, raising the following claims:

1) Because of the subsequent termination of his deferred adjudication conviction in the District Court of Bell County, Texas, his conviction and sentence under the career offender provision of U.S.S.G. § 4B1.1 should be set aside; and

2) His counsel was ineffective because counsel did not file an appeal based on Love's belief that the deferred adjudication he received in Texas should not have qualified as a prior conviction for career offender enhancement purposes.

STATUTE OF LIMITATIONS:

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. In accord with other circuits, the Fifth Circuit has determined that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *United States v. Plascencia,* __ F.3d __, 2008 WL 2815535, *2 (5th Cir. July 23, 2008). Here, no direct appeal was filed; therefore the one-year statute of limitations period began to run ten days after entry of the judgment of conviction, or June 10, 2005. *See* FED. R. APP. P. 4(b)(1)(A); 26(a). The limitations period expired on June 10, 2006, approximately ten months before Love filed this § 2255 Motion. Therefore, the Motion is barred by the applicable statute of limitations and should be denied for that reason.

DEFENDANT'S WAIVER OF HIS RIGHT TO ASSERT CLAIMS UNDER 28 U.S.C. § 2255

Not only is Love's § 2255 Motion barred by the statute of limitations, but he has also waived his right to file a § 2255 Motion at all. When Love entered his negotiated plea of

guilty, he did so pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the sentence or contest the sentence in any post-conviction proceeding.[1]  A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992), and the right to seek post-conviction relief.  *United States v. Wilkes*, 20 F.3d 651(5th Cir. 1994).

Love does not claim that he did not knowingly and intelligently plead guilty, only that there was an error in the sentencing calculation.  This argument presents no basis for allowing Love to avoid the consequences of his guilty plea.  Therefore, even if Love's Motion had been timely filed, the Court would be compelled to enforce the plea agreement, including Love's waiver of his right to contest the sentence in this post-conviction proceeding.

### THE MERITS OF THE MOTION

Even if Love had filed this Motion within the one-year statute of limitations, and even if he had not waived his right to challenge his sentence by way of § 2255 Motion, he would not be entitled to relief on the grounds asserted.  Love first complains that because of the termination of his deferred adjudication conviction in the District Court of Bell County, Texas, his conviction

---

[1] Defendant's Memorandum of Understanding, dated February 17, 2004, provides that Love:

> expressly waives . . . the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed . . . and expressly waives the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code. . . .

Ct. R. 68 p. 4-5 ¶ 15.

and sentence under the career offender provision of U.S.S.G. §4B1.1 should be set aside.[2]

U.S.S.G. §4B1.1 states that:

(a) A defendant is a career offender if:

>    (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
>    (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
>    (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4A1.2(f) specifically provides that a deferred adjudication, that results from a "finding or admission of guilt," is counted in calculating the criminal history category of an offender. It appears from the record, and Love does not contest, that he entered a plea of guilty to the Texas charges. The Fifth Circuit Court of Appeals has determined that a deferred adjudication should be counted as a "prior sentence" when calculating a defendant's prior criminal history. *United States v. Giraldo-Lara*, 919 F.3d 19, 19-22 (5th Cir. 1990). Additionally, U.S.S.G. §4B1.2(c) of the career offender provision states that "[t]he date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere." There is no question that Love's deferred adjudication was in effect at the time he was sentenced by this Court. Therefore, Love had sustained two prior felony convictions at the time of his sentencing in this matter on May 27, 2005. Love was properly sentenced under the career criminal provision of U.S.S.G. §4B1.1.

---

[2] At the time of sentencing, Love had two prior felony convictions for crimes of violence. In 1992, Love was convicted of assault on a police officer in George County, Mississippi Circuit Court and sentenced to five years in prison. In 1999, he received deferred adjudication for his plea of guilty to aggravated assault with a deadly weapon in Bell County, Texas.

Additionally, Love raised this issue prior to sentencing, making an objection to the Presentence Investigation Report that he should not be a career criminal because one of his two convictions was a deferred adjudication. The Court was advised by the Federal Public Defender that Love's objection should be overruled based on the holding in *United States v. Joshua*, 305 F.3d 352 (5th Cir. 2002). *See* Letter from S. Dennis Joiner, Federal Public Defender to U.S. Dist. Judge Louis Guirola, Jr. (May 11, 2005), attached to Presentence Investigation Report, Ct. R. 75.[3] In *Joshua*, the defendant argued that his prior conviction of robbery had been successfully discharged under a deferred adjudication program, and therefore the career criminal provision of U.S.S.G. §4B1.1 could not be applied to him. *Id*. at 352-53. The Fifth Circuit disagreed, and held that a Texas deferred adjudication is counted as a prior felony conviction within the meaning of the Sentencing Guideline's career offender provision. *Id*. at 353. "[A] plea of *nolo contendere* is counted even if a conviction is not formally entered, section 4A1.2(f), because this result 'reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.'" *Id.* at 353 (quoting U.S.S.G. § 4A1.2, comment (n.9)).

The circumstances in *Joshua* are factually indistinguishable from the circumstances in Love's case. Love obtained the advantage of a rehabilitative sentence when he pled guilty to aggravated assault with a deadly weapon and was granted deferred adjudication. Love continued to commit crimes after his Texas deferred adjudication. He should not receive further leniency in his sentence. Accordingly, the Court finds that Love is not entitled to a reduction in his sentence

---

[3] Joiner noted that Love's attorney, Douglass, concurred in the conclusion that the objection should be overruled.

on the grounds that his deferred adjudication has now been discharged.

Love next argues that his counsel, Richard Douglass, was ineffective in his legal representation. This claim is governed by the familiar framework of *Strickland v. Washington,* 466 U.S. 668 (1984). Love must establish: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) that the deficient representation caused prejudice, which requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams v. Taylor,* 529 U.S. 362, 390-91 (quoting *Strickland* at 688, 694). The Court's scrutiny of counsel's performance is "highly deferential" and there is a "strong presumption" that any alleged deficiency "falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

Love alleges that he advised Mr. Douglass to file an appeal after his sentencing hearing, because Love disputed the Court's finding that his Texas deferred adjudication was a prior conviction for career offender enhancement purposes. *See* Movant's Mem. 10-11. As previously noted, Love knowingly waived his right to appeal his conviction and sentence as a part of his guilty plea. He therefore did not have the right to appeal the Court's ruling that the career criminal enhancement applied under the facts of his case.

Further, as is apparent from the discussion of the *Joshua* case above, at the time Love was sentenced, the Fifth Circuit had already ruled against him on the issue he wished to appeal. Therefore, even if the Court were to conclude that Mr. Douglass was ineffective by not filing a notice of appeal, there was not a reasonable probability that the Love would have prevailed on an appeal of whether the career criminal provision of the United States Sentencing Guidelines was

applicable under the circumstances of his case. Thus, Love cannot show that he was prejudiced by counsel's failure to file a notice of appeal. *United States v. Ridgeway*, 321 F.3d 512, 515 (5th Cir. 2003). Love cannot show that his counsel's representation was ineffective under the *Strickland* test.

## CONCLUSION

For the reasons stated above, the Court finds that the Motion of the Defendant, Michael Anthony Love, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [80] of the Defendant, Michael Anthony Love, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed March 29, 2007, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 13th day of August, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE